IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Leon Marshall Watkins, | ) | C/A No. 0:25-6964-MGL-PJG |
| Plaintiff, | ) | |
| v. | ) | **ORDER AND**<br>**REPORT AND RECOMMENDATION** |
| Warden Mr. Caninnig; Warden Mr. Duncken;<br>Henry McMaster, | ) | |
| Defendants. | ) | |

  The plaintiff, Leon Marshall Watkins, a self-represented prisoner, brings this civil rights action pursuant to 42 U.S.C. § 1983. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for initial review pursuant to 28 U.S.C. § 1915 and § 1915A. Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.[1]

## I. Procedural Background

  Plaintiff brings this civil rights action against two prison wardens and the Governor of South Carolina, alleging that they have failed to do their jobs. Specifically, Plaintiff alleges that the Social Security Administration ("SSA") incorrectly has him listed as deceased in its records and that this error prevents Plaintiff from obtaining stimulus checks. He alleges that an official with the Internal Revenue Service ("IRS") informed Plaintiff that he could not get his checks

---

[1] Plaintiff has submitted an Application to Proceed Without Prepayment of Fees and Affidavit (Form AO 240) and financial certificate, which are construed as a motion for leave to proceed *in forma pauperis*. See 28 U.S.C. § 1915(a)(1), (2). A review of the motion reveals that Plaintiff does not have the funds to pay the first installment of the filing fee. Therefore, the amount due from Plaintiff is currently $350. Plaintiff's motion for leave to proceed *in forma pauperis* is granted. (ECF No. 8.)

unless he appeared at the office in person. Plaintiff states that he has asked the defendants to transport him to the IRS office nearest to the prison and that they have refused. Plaintiff seeks $2,500,00.00 and an order requiring the wardens to transport him to the local IRS and SSA offices.

## II.     Discussion

### A.     Standard of Review

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), including 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity. See McLean v. United States, 566 F.3d 391 (4th Cir. 2009). Section 1915A requires, and § 1915 allows, a district court to dismiss the case upon a finding that the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

To state a claim upon which relief can be granted, the plaintiff must do more than make mere conclusory statements. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 570. The reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

This court is required to liberally construe *pro se* complaints, which are held to a less stringent standard than those drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); King v. Rubenstein, 825 F.3d 206, 214 (4th Cir. 2016). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions").

**B.     Analysis**

In his Complaint, Plaintiff does not expressly state a recognizable legal cause of action, but in accordance with the court's duty to liberally construe *pro se* complaints, the court construes it as asserting a cause of action pursuant to 42 U.S.C. § 1983 for violation of his civil rights by state officials. A legal action under 42 U.S.C. § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Here, even liberally construed, Plaintiff fails to allege the violation of a constitutional or federal statutory right. Plaintiff alleges that the defendants were negligent and references the First Amendment. Negligent conduct will not give rise to an actionable claim under § 1983. See Cty. of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."); Daniels v. Williams, 474 U.S. 327, 331 (1986) (stating that negligent conduct by a state official does not constitute a deprivation

of the Due Process Clause, even if it causes injury); accord Miller v. Prince George's Cty., Md., 475 F.3d 621, 627-28 (4th Cir. 2007) (Fourth Amendment violations). This principle has been applied to state officials' ministerial mistakes. Pink v. Lester, 52 F.3d 73, 74-75 (4th Cir. 1995) (holding a prisoner could not maintain an access to courts claim against a prison official based on the official's negligent misfiling of the plaintiff's money order, stating that constitutional deprivations only become actionable when they are intentional or deliberate). And the court cannot discern a plausible First Amendment violation from Plaintiff's allegations.

At most, Plaintiff's allegations present a potential claim of unconstitutional conditions of confinement. However, that claim also fails. Plaintiff identifies no legal authority supporting his implication that he must be transported wherever he wishes during his prison term. The court cannot conceive of a coordinating federal or constitutional right. "[T]he Constitution does not mandate comfortable prisons." Rhodes v. Chapman, 452 U.S. 337, 349 (1981). "[C]onditions that cannot be said to be cruel and unusual under contemporary standards are not unconstitutional. To the extent that such conditions are restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Id. at 347. Plaintiff's allegations amount to an inconvenience associated with his incarceration and not a deliberate shirking of a constitutional duty by the defendants. Plaintiff thus fails to allege a plausible claim under § 1983 and the court cannot discern any other plausible basis for jurisdiction over the Complaint.

**III.    Conclusion**

For the foregoing reasons, it is recommended that the Complaint be dismissed without prejudice and without issuance and service of process.

September 29, 2025  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).